John D. Vaughn, State Bar No. 171801
Jeffrey A. Feasby, State Bar No. 208759
Christopher W. Rowlett, State Bar No. 257357
PEREZ VAUGHN & FEASBY
600 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.702.8044
Facsimile: 619.460.0437
E-Mail: vaughn@pvflaw.com

Peter R. Rosenzweig, *pro hac vice* admission pending
KLEINBARD LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: 267.4433.4120
Facsimile: 215.568.0140
E-Mail: prosenzweig@kleinbard.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JEFFERSON, an individual; WAYNE LEWIS, an individual; and GREGORY BROWN, an individual, on behalf of themselves and all others similarly situated, | Case No. |
| | **COMPLAINT FOR DAMAGES** |
| Plaintiffs, | **FLSA COLLECTIVE ACTION** |
| v. | **RULE 23 CLASS ACTION** |
| MEC DEVELOPMENT, LLC; and DOES 1-100 | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs Antonio Jefferson, Wayne Lewis, and Gregory Brown, on behalf of themselves and on behalf of others similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs, who worked for Defendant MEC Development, LLC as Logisticians in California, bring claims for payment of overtime, liquidated damages, interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") on behalf of all similarly situated individuals who have worked for Defendant as Logisticians in the United States (collectively, "FLSA Collective Action Members"). These claims are brought on behalf of Plaintiff and all FLSA Collective Action Members during the period commencing three years prior to the filing of their respective consents to be included in this collective action (the "Collective Action Period").

2.     The FLSA Collective Action Members are similarly situated because they were subjected to the same policies, terms and conditions of employment by Defendant, were denied complete and/or prompt payment for hours worked pursuant to a common policy and/or practice by Defendant, and have not been compensated for all hours worked pursuant to a common policy and/or practice of Defendant.

3.     Plaintiffs also bring claims under California state law for unpaid overtime compensation, restitution, statutory penalties, civil penalties, liquidated damages, meal and rest break premium payments, interest, and attorneys' fees and costs. Plaintiffs assert these California state law claims pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all other individuals who have worked for Defendant as Logisticians in California (collectively, "California Class Members") at any time during the period commencing four years prior to the filing of this action (the "Class Period").

4.     The California Class Members and the FLSA Collective Action Members shall hereinafter be collectively referred to as "Class and Collective Action Members."

**JURISIDCTION AND VENUE**

5.      The FLSA authorizes claims by private parties to recover damages for violations of the FLSA's wage and hour provisions.   Jurisdiction over this FLSA collective action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.   In addition, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' related California state law claims as set forth below in the Second through Seventh Causes of Action.

7.      Defendant is subject to personal jurisdiction in this District as it did business in this District and employed Plaintiffs and the Class and Collective Action Members in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

**THE PARTIES**

A.      **Plaintiffs**

9.      Plaintiff Antonio Jefferson is a citizen of Texas residing in Edinburg, Texas.  At all times relevant hereto, he worked for Defendant in the County of Kern, California

10.      Plaintiff Jefferson commenced employment with Defendant in May 2014 as a Logistician and remained in that position until the end of his employment in September 2015.

11.      All of Plaintiff Jefferson's work for Defendant was performed in California.

12.      Between May 2014 and April 2015, Plaintiff Jefferson worked primarily at Defendant's warehouse located in Inyokern, CA.

13.     Between May 2015 and September 2015, Plaintiff Jefferson worked primarily at Defendant's outside yard/storage area in China Lake, CA.

14.     When Plaintiff Jefferson was hired, Defendant provided no information about the exemption status of the Logistician position for purposes of eligibility for overtime compensation.

15.     Plaintiff Jefferson was employed by Defendant as an "employee" as that term is defined by Section 203 of the FLSA, and as that term is defined and interpreted pursuant to the California Labor Code (the "Labor Code").

16.     Plaintiff Jefferson's Notice of Consent to Become a Party Plaintiff in a Collective Action Under the Fair Labor Standards Act is attached hereto.

17.     Plaintiff Wayne Lewis is a citizen of Louisiana residing in Baton Rouge, Louisiana.   At all times relevant hereto, he worked for Defendant in the County of Kern, California.

18.     Plaintiff Lewis commenced employment with Defendant in October 2013 as a Logistician and remained in that position until the end of his employment in September 2015.

19.     Between May 2014 and September 2015, Plaintiff Lewis worked primarily at Defendant's outside yard/storage area in China Lake, California and, at times, its warehouse located in Inyokern, California.

20.     When Plaintiff Lewis was hired, Defendant provided no information about the exemption status of the Logistician position for purposes of eligibility for overtime compensation.

21.     Plaintiff Lewis was employed by Defendant as an "employee" as that term is defined by Section 203 of the FLSA, and as that term is defined and interpreted pursuant to the California Labor Code (the "Labor Code").

22.     Plaintiff Lewis' Notice of Consent to Become a Party Plaintiff in a Collective Action Under the Fair Labor Standards Act is attached hereto.

23.     Plaintiff Gregory Brown is a citizen of California currently residing in Afghanistan.  At all times relevant hereto, he worked for Defendant in the County of Kern, California.

24.     Plaintiff Brown commenced employment with May 2014 as a Logistician and remained in that position until the end of his employment in September 2015.

25.     All of Plaintiff Brown's work for Defendant was performed in California.

26.     Between May 2014 and September 2015, Plaintiff Brown worked primarily at Defendant's outside yard/storage area in China Lake, California and, at times, its warehouse located in Inyokern, California.

27.     When Plaintiff Brown was hired, Defendant provided no information about the exemption status of the Logistician position for purposes of eligibility for overtime compensation.

28.     Plaintiff Brown was employed by Defendant as an "employee" as that term is defined by Section 203 of the FLSA, and as that term is defined and interpreted pursuant to the California Labor Code (the "Labor Code").

29.     Plaintiff Brown's Notice of Consent to Become a Party Plaintiff in a Collective Action Under the Fair Labor Standards Act is attached hereto.

**B.     Defendants**

30.     On information and belief, Defendant is a Limited Liability Company organized under the laws of the state of North Dakota.  Its headquarters/principal executive office is located at 3949 Highway 8, Ste. 102, New Town, ND 58763.

31.     Defendant is owned and operated by the Three Affiliated Tribes of the Fort Berthold Indian Reservation in western North Dakota.  It provides personnel and program/project management services over a wide range of technical and business disciplines including but not limited to: asset/property management, sustaining engineering, corrosion control, program management, training and

1   exercise support, facilities management, warehousing and logistics services,
2   administrative/back office support, and more.  Its customer base for those services
3   includes large businesses, the Federal Government and Department of Defense.

4       32.   Defendant provides services in connection with unmanned aerial
5   systems ("UAS") and surveillance and video/imagery solutions.  UAS include what
6   are more commonly known as "drones."

7       33.   Defendant has provided services for the Navy on its Persistent Ground
8   Surveillance Systems ("PGSS") Program.

9       34.   Between May 2014 and September 2015, Defendant had a contract
10  with the U.S. Navy on its PGSS Program.  Defendant handled the logistics for the
11  Program and another company, Technology and Supply Management, LLC, handled
12  the operations.

13      35.   For the PGSS Program, Defendant employed individuals who
14  performed logistics support.  The job title for the logistics support employees is
15  "Logistician."

16      36.   Defendant maintained operations in China Lake, CA and Inyokern, CA.
17  The Logisticians worked at those two locations both of which are in this judicial
18  District.

19      37.   Defendant conducted business in California and required Plaintiffs and
20  the Class and Collective Action Members to perform work in California.

21      38.   At all times relevant hereto, Defendant has been an "employer" covered
22  by the FLSA, the Labor Code and the applicable California Industrial Welfare
23  Commission Order ("IWC Wage Order").

24      39.   Plaintiffs do not know the true names or capacities of defendants sued
25  herein as DOES 1 through 100, inclusive, and will amend their Complaint toward
26  the same as soon as ascertained. Plaintiffs are informed and believe, and on that
27  basis allege, that each of the fictitiously named defendants was in some manner
28  legally responsible for unlawful actions, unlawful policies, and unlawful practices

complained of herein. Plaintiffs will amend their Complaint to set forth the true names and capacities of said defendants, along with appropriate charging allegations when the same have been ascertained.

40. On information and belief, at all times mentioned herein, each and every defendant, including the Doe defendants, was the owner, agent, principal employee, employer, master, servant, partner, franchiser, or joint-venturer of each of his or her co-defendants, and in doing the actions described below was acting within the scope of his or her authority in such ownership, agency, employment, service, partnership, franchise, or joint venture and with the permission and consent of each co-defendant. Each of said defendants, including the Doe defendants, is therefore liable under the law, specifically including, but not limited to, the doctrine of respondeat superior and the law of agency, the acts, omissions, and injuries inflicted upon and likely to be inflicted upon plaintiff and other members as described herein.

41. All defendants, including the Doe defendants, will collectively be referred to herein as "Defendants."

## **GENERAL ALLEGATIONS**

42. During the Class Period, Defendants have improperly classified Plaintiffs and the Class and Collective Action Members as "exempt" from the requirements of the FLSA and the Labor Code, thereby denying these employees proper wages and overtime compensation for hours worked in excess of eight (8) per day and forty (40) per workweek.

43. In the alternative, if during the Class Period Defendants classified Plaintiff and the Class and Collective Action Members as "non-exempt" from the requirements of the FLSA and the Labor Code, they have willfully failed to pay these employees proper wages and overtime compensation for hours worked in excess of eight (8) per day and forty (40) per workweek.

44. There were workweeks during the Class Period when, with the knowledge, permission, and mandate of their superiors and management at

Defendants, Plaintiffs and the Class and Collective Action Members worked forty (40) hours, worked extra hours during such forty-hour weeks, and were/are not properly compensated for extra hours beyond forty (40) hours they worked/work during those forty-hour weeks.

45.  With the exception of the workweeks during which Plaintiffs and the Class and Collective Action Members worked in excess of forty (40) hours, the general work schedule for the Logisticians was four days/workweek, ten hours/day.

46.  Despite working ten (10) hours/day, Plaintiffs and the Class and Collective Action Members were not provided uninterrupted meal periods or rest breaks or paid overtime for the additional hours worked over eight (8) in a day.

47.  At the Inyokern warehouse, the primary job duties and responsibilities of Plaintiffs and the Class and Collective Action Members were:

     a.    receiving and shipping of all incoming and outgoing packages of parts and supplies for the Program;

     b.    handling parts and equipment;

     c.    entering all parts and equipment into Defendants' computer system;

     d.    keeping track of inventory;

     e.    operating a forklift to stock items and load trucks; and

     f.    completing purchase orders.

48.  At the China Lake yard/storage area, the primary job duties and responsibilities of Plaintiffs and the Class and Collective Action Members were:

     a.    destroying damaged equipment that came back to the United States from locations abroad;

     b.    accepting and storing new equipment sent over from the Inyokern warehouse;

     c.    packing containers of parts and equipment for UAS and constructing systems and preparing them for shipment to other

domestic locations; and

    d.     keeping track of inventory.

49.    At both locations, the work of Plaintiffs and the Class and Collective Action Members involved routine, manual labor tasks performed either outside or in a warehouse.

50.    During the Class Period, the Logistician position has not:

    a.     customarily or regularly supervised or directed the work of other full-time employees of Defendants, nor has it had any authority to hire or fire other employees;

    b.     performed office or non-manual work directly related to the management or general business operations of Defendants;

    c.     performed work requiring advanced knowledge (defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment).   Knowledge possessed by the Logisticians and utilized for their work is not in a field of science or learning, nor is it acquired by a prolonged course of specialized intellectual instruction; or

    d.     performed work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field.   Further, Logisticians' primary duties have not included the design, development, and/or creation of computer systems or programs.

51.    During the Class Period, Defendants intentionally and repeatedly misrepresented the true nature of compensation to Plaintiffs and the Class and Collective Action Members, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA, the Labor Code, and applicable IWC Wage Order and their entitlement to receive full wages and overtime compensation

for their work.  On information and belief, those actions were deliberately taken to avoid any questions by Plaintiffs and the Class and Collective Action Members regarding their entitlement to fair and full compensation for their work.  Plaintiffs and the Class and Collective Action Members relied upon Defendants' misrepresentations.  As a direct and proximate result, Plaintiffs and the Class and Collective Action Members were unable to determine their true status under the FLSA, the Labor Code, and applicable IWC Wage Order by the exercise of reasonable diligence.

52.   Defendants' violations of the FLSA, the Labor Code, and applicable IWC Wage Order include, but may not be limited to:

    a.    misclassifying the exemption status of Plaintiffs and the Class and Collective Action Members within the meaning of the FLSA, the Labor Code, and applicable IWC Wage Order;

    b.    failing to pay Plaintiffs and the Class and Collective Action Members wages for all hours worked as well as proper overtime compensation for all hours worked in excess of eight (8) per day and forty (40) per workweek, in violation of the FLSA, the regulations promulgated thereunder, the Labor Code, and applicable IWC Wage Order;

    c.    failing to pay Plaintiffs and the Class and Collective Action Members the double rate for hours worked in excess of twelve (12) per day as required by the Labor Code and applicable IWC Wage Order;

    d.    failing to maintain policies and practices which provide for and authorize meal periods and rest breaks as required by the Labor Code;

    e.    failing to permit Plaintiffs and the Class and Collective Action Members to take statutorily required meal periods as required by

the Labor Code;

f.     failing to permit Plaintiffs and the Class and Collective Action Members to take statutorily required rest breaks as required by the Labor Code;

g.     failing to track whether Plaintiffs and the Class and Collective Action Members took meal periods and/or rest breaks as required by the Labor Code;

h.     failing to keep accurate and complete time records for the full amount of hours worked on a daily and weekly basis by Plaintiffs and the Class and Collective Action Members;

i.     failing to pay the Plaintiffs and the Class and Collective Action Members in the time period specified by the Labor Code;

j.     failing to maintain wage statements that accurately reflected all hours worked by Plaintiffs and the Class and Collective Action Members as required by the Labor Code; and

k.     failing to provide adequate itemized wage statements to Plaintiffs and the Class and Collective Action Members as required by the Labor Code.

53.    Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA, the Labor Code, the Cal. Bus. & Prof. Code, and applicable IWC Wage Order by failing to pay Plaintiffs and the Class and Collective Action Members in accordance with those laws.

54.    As a direct and proximate result of Defendants' violations of the FLSA, the Labor Code, the Cal. Bus. & Prof. Code, and applicable IWC Wage Order, Plaintiffs and the Class and Collective Action Members have suffered damages and were negatively affected in a similar fashion as a result of the above-described policies and practices of Defendants.

/ / /

**COLLECTIVE CLASS ALLEGATIONS**

55.     Plaintiffs bring all claims alleged herein under the FLSA as a collective action on behalf of, and seek to have certified pursuant to Section §§ 201 et seq. of the FLSA, the class composed of:

> "All persons who are or have been employed by Defendants as a Logistician and performed work as such within the United States during any portion of the period commencing three years before the filing of this action through the entry of final judgment in this action."

56.     The primary job duties of the FLSA Collective Action Members were the same as or substantially similar to those of Plaintiffs, and the FLSA Collective Action Members were paid in the same manner and under the same terms and conditions, common policies, plans and practices as Plaintiffs.

57.     The FLSA Collective Action Members, like Plaintiffs, have been subject to the same unlawful policies, plans and practices of Defendants including the failure to make proper and prompt payment for all hours worked.

58.     During the FLSA Collective Action Period, Defendants was aware of its obligations under the FLSA and knowingly engaged in the alleged conduct described herein.

59.     As a result of its conduct described herein, Defendants violated 29 U.S.C. § 206 by failing to pay to Plaintiffs and the FLSA Collective Action Members the overtime rate of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per workweek.

60.     As a result of its conduct described herein, Defendants violated 29 U.S.C. § 207.

61.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective Action Members.

/ / /

62.    As a result of its unlawful conduct, Defendants are liable to Plaintiffs and the FLSA Collective Action Members for the full amount of their unpaid overtime compensation, liquidated damages, interest, and the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective Action Members in pursuing this action.

63.    The names and addresses of the FLSA Collective Action Members are available from Defendants.   Accordingly, Plaintiffs pray herein for an order requiring Defendants to provide the names and all available contact information for all FLSA Collective Action Members so that notice can be provided to them of the pendency of this action and their right to opt in to this action.  Plaintiffs further pray that the applicable statute of limitations be tolled based on, among other reasons, Defendants' repeated violations regarding the Logisticians' entitlement to overtime pay.

## **RULE 23 CLASS ACTION ALLEGATIONS**

64.    Plaintiffs bring all claims alleged herein under California state law as class action claims on behalf of, and seek to have certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the class composed of:

> "All persons who are or have been employed by Defendants as a Logistician and performed work as such within the state of California during any portion of the period commencing four years before the filing of this action through the entry of final judgment in this action."

65.    The class claims herein have been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (a) the class is so numerous that joinder of all class members is impracticable; (b) there are questions of law and/or fact common to the class; (c) the claims of the proposed class representative and his counsel will fairly and adequately protect the interests of the class.

/ / /

66.    In addition, the questions of law or fact that are common to the class predominate over any questions affecting only individual class members and a class action is superior to other available means for fairly and efficiently adjudicating the controversy.

67.    <u>Ascertainability and Numerosity</u>.    The potential California Class Members as defined herein are so numerous that joinder would be impracticable. On information and belief, Defendants have employed approximately twenty (20) Logisticians in California during the Class Period and—based on the nature of their work, the UAV contracting business, and deployments overseas—it can be presumed that the California Class Members are dispersed throughout the country and abroad.   The names and addresses of the California Class Members are available to Defendants.   Notice can be provided to the California Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

68.    <u>Commonality and Predominance of Common Questions</u>.    There are questions of law and fact common to Plaintiffs and the California Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, but are not limited to, whether Defendants:

        a.     misclassified the exemption status of Plaintiffs and the California Class within the meaning of the Labor Code;

        b.     failed to pay Plaintiffs and the California Class wages for all hours worked as well as proper overtime compensation for all hours worked in excess of eight (8) per day and forty (40) per workweek, in violation of the Labor Code;

        c.     failed to pay Plaintiffs and the California Class the double rate for hours worked in excess of twelve (12) per day as required by the Labor Code;

d.    failed to maintain policies and practices which provided for and authorize meal periods and rest breaks as required by the Labor Code;

e.    failed to permit Plaintiffs and the California Class to take statutorily required meal periods as required by the Labor Code;

f.    failed to permit Plaintiffs and the California Class to take statutorily required rest breaks as required by the Labor Code;

g.    failed to track whether Plaintiffs and the California Class took meal periods and/or rest breaks as required by the Labor Code;

h.    failed to keep accurate and complete time records for the full amount of hours worked on a daily and weekly basis by Plaintiffs and the California Class;

i.    failed to pay the Plaintiffs and the California Class persons in the time period specified by the Labor Code;

j.    failed to maintain wage statements that accurately reflected all hours worked by Plaintiffs and the California Class as required by the Labor Code; and

k.    failed to provide adequate itemized wage statements to Plaintiffs and the California Class as required by the Labor Code.

69.    <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the California Class Members.  Defendants' common course of unlawful conduct has caused Plaintiffs and the California Class Members to sustain the same or similar injuries and damages caused by the same common policies, practices, and decisions of Defendants.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the California Class Members.

70.    <u>Adequacy of Representation</u>.  Plaintiffs are members of the Fed. R. Civ. P. 23 Class defined herein, do not have any conflicts of interest with the California Class Members, and will prosecute the action vigorously on behalf of the

class.  Plaintiffs will fairly and adequately protect the interests of the California Class Members and have retained counsel who is experienced and competent in the fields of employment law and collective action/class action litigation such as this. Plaintiffs' counsel has been designated Class Counsel in numerous wage and hour class action cases involving companies in the UAS industry.  The combined interests, experience and resources of Plaintiffs and their counsel to litigate the claims at issue in this action satisfy the adequacy of representation requirement.

71.    Superiority.  The expense and burden of individual litigation by each member make it impractical for the California Class Members to seek redress individually for the wrongful conduct alleged herein.  Should separate actions be brought, or be required to be brought by each individual California Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other California Class Members who are parties to the adjudication and/or may substantially impede their ability to adequately protect their interests.  The cost of proving Defendants' violations makes it impracticable for Plaintiffs and the California Class Members to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.

72.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a collective/class action.

### DAMAGES

73.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiffs and the Class and Collective Action Members are owed overtime compensation, interest, liquidated damages, restitution, available statutory penalties, attorneys' fees and costs, the precise amounts of which will be proven at trial.

# FIRST CAUSE OF ACTION

## UNPAID OVERTIME

**(In violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.)**

(On Behalf of Plaintiffs and the FLSA Collective Action Members)

74.     Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

75.     At all times relevant hereto, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all times relevant hereto, Defendants employed as "employee[s]," Plaintiffs and each of the FLSA Collective Action Members.  At all times relevant hereto, Defendants have had gross operating revenues in excess of $500,000.

76.     Section 7 of the FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

77.     Defendants improperly classified the position of Logistician as exempt from the requirement to be paid overtime wages in violation of the FLSA.

78.     In the alternative, if during the Collective Action Period, Defendants classified the position of Logistician as "non-exempt" from the requirements of the FLSA, they failed to pay Plaintiffs and the FLSA Collective Action members at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

79.     During the course of employment for Defendants, FLSA Collective Action Members worked more than forty (40) hours per workweek.  Defendants required and permitted FLSA Collective Action Members to work in excess of forty (40) hours per workweek.

/ / /

80.     At all times relevant hereto, Defendants had a policy and practice of not paying FLSA Collective Action Members at the rate of not less than one and one-half times their respective regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

81.     By failing to compensate Plaintiffs and the FLSA Collective Action Members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA.

82.     At all times relevant hereto, Defendants' violations have been willful because, among other reasons, Defendants have had actual and/or constructive knowledge of Plaintiffs and the FLSA Collective Action Members working overtime hours for which they have not been compensated at the rate of not less than one and one-half times their respective regular rates of pay.

83.     Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective Action Members.

84.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime compensation, interest, liquidated damages, attorneys' fees and costs, as provided by the FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION

**(In Violation of Cal. Lab. Code §§ 510, 1194, 1198; IWC Wage Order No. 4)**

(On Behalf of Plaintiffs and the California Class Members)

85.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as though they were fully set forth herein.

86.    During the California Class Period, Plaintiffs and the California Class Members worked ten (10) hours each work day and, at times, in excess of forty (40) hours per workweek.  The precise number of overtime hours will be determined at trial.

87.    Despite the hours worked by Plaintiffs and the California Class Members, Defendants willfully, in bad faith, and in knowing violation of the Labor Code, failed and refused to compensate Plaintiffs and the California Class Members for all of the overtime wages earned.

88.    At all times relevant hereto, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the Labor Code including, but not limited to, Labor Code §§ 510, 1194, and 1198.

89.    Labor Code § 510 provides, in pertinent part:

> "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

90.    Labor Code § 1194 provides, in pertinent part:

> "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this

minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit."

91.    Labor Code § 1198 provides, in pertinent part:

"[t]the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

92.    IWC Wage Order No. 4 applies to Plaintiffs and the California Class Members.  At all times relevant hereto, IWC Wage Order No. 4 has provided, in pertinent part:

"(a) an employee who works more than forty hours in a week must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for each overtime hour worked; and (b) an employee who works more than eight hours in a day must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for hours worked in excess of eight hours per day and at a rate of two times his or her hourly rate for hours worked in excess of twelve hours per day."

93.    During the California Class Period, in violation of IWC Wage Order No. 4 and provisions of the Labor Code, Defendants misclassified Plaintiffs and the California Class Members as exempt and refused to compensate them for overtime wages they earned.  Specifically, Defendants failed and refused to pay Plaintiffs and the California Class Members one and one-half times their regular rate of pay for all hours worked in excess of eight (8) up to and including twelve (12) in any workday, and for the first eight (8) worked on the seventh consecutive day of work in a workweek.  Defendants also failed and refused to pay Plaintiff and the California Class Members double their regular rate of pay for all hours worked in excess of

1  twelve (12) in any workday and for all hours worked in excess of eight (8) on the
2  seventh consecutive day of work in a workweek.

3      94.    In the alternative, during the California Class Period, in violation of
4  IWC Wage Order No. 4 and provisions of the Labor Code, Defendants classified
5  Plaintiffs and the California Class Members as "non-exempt" but refused to
6  compensate them for overtime wages they earned.  Specifically, Defendants failed
7  and refused to pay Plaintiffs and the California Class Members one and one-half
8  times their regular rate of pay for all hours worked in excess of eight (8) up to and
9  including twelve (12) hours in any workday, and for the first eight (8) worked on the
10  seventh consecutive day of work in a workweek.  Defendants also failed and refused
11  to pay Plaintiffs and the California Class Members double their regular rate of pay
12  for all hours worked in excess of twelve (12) hours in any workday and for all hours
13  worked in excess of eight (8) on the seventh consecutive day of work in a
14  workweek.

15      95.    By refusing to compensate Plaintiffs and the California Class Members
16  for overtime wages earned, Defendants violated those Labor Code provisions cited
17  herein as well as IWC Wage Order No. 4.

18      96.    As a direct and proximate result of Defendants' unlawful conduct,
19  Plaintiffs and the California Class Members have sustained damages including loss
20  of earnings for hours of overtime worked on behalf of Defendants, in an amount to
21  be determined at trial, and are entitled to recover their unpaid overtime and double
22  time compensation, including interest thereon, pursuant to Labor Code § 1194(a).
23  Plaintiffs and the California Class Members are entitled to recover reasonable
24  attorneys' fees and costs pursuant to Labor Code § 1194(a).

25  / / /
26  / / /
27  / / /
28  / / /

## **THIRD CAUSE OF ACTION**

### **FAILURE TO PROVIDE MEAL PERIODS**

**(In Violation of IWC Wage Order No. 4; Cal. Lab. Code §§ 226,** *et seq.,* **512)**

(On Behalf of Plaintiffs and the California Class Members)

97. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

98. At all times relevant hereto, Defendants were aware of, and under a duty to comply with Labor Code §§ 226.7 and 512.

99. Labor Code § 226.7 provides, in pertinent part:

"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

100. Moreover, Labor Code § 512 provides, in pertinent part:

"An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

101. Sections 11 and 12 of IWC Wage Order No. 4 mandate that the employer provide all applicable meal periods to non-exempt employees.

102. Section 11 of the applicable IWC Wage Order provides, in pertinent part:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes … Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.

> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

103. Defendants had a policy of not providing Plaintiffs and the California Class Members with lawful meal periods.  Defendants did not provide Plaintiffs and the California Class Members with a written meal period policy or otherwise inform them of their entitlement to an uninterrupted, thirty-minute meal period within the first five hours of each work day.

104. Plaintiffs and the California Class Members consistently worked eight (8) hours or more per day but were not provided an uninterrupted, thirty-minute meal period within the first five hours of work each day.

105. Plaintiffs and the California Class Members consistently worked ten (10) hours per day but were not provided a second uninterrupted, thirty-minute meal period.

106. By failing to consistently provide Plaintiffs and the California Class Members an uninterrupted, thirty-minute meal period within the first five hours of work each day and a second uninterrupted, thirty-minute meal period during the ten

(10) hour work day, Defendants violated the Labor Code and the provisions of IWC Wage Order No. 4.

107.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the California Class Members have sustained damages, including loss of compensation resulting for missed meal periods, in an amount to be determined at trial**.**

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST BREAKS

**(In Violation of IWC Wage Order No. 4; Cal. Lab. Code §§ 226, *et seq.*)**

(On Behalf of Plaintiffs and the California Class Members)

108.   Plaintiffs re-allege and incorporate by reference preceding paragraphs as though they were fully set forth herein.

109.   At all times relevant hereto, Defendants were aware of, and under a duty to comply with Labor Code § 226.7 and Section 12 of IWC Wage Order No. 4.

110.   At all times relevant hereto, Labor Code § 226.7 has applied and continues to apply to Plaintiffs' and the California Class Members' employment with Defendants.   Labor Code § 226.7 states "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

111.   Section 12 of IWC Wage Order No. 4 provides, in pertinent part:

> "(A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

1

2    (B)    If an employer fails to provide an employee a
3    rest period in accordance with the applicable provisions of
     this IWC Wage Order, the employer shall pay the
4    employee one (1) hour of pay at the employee's regular
5    rate of compensation for each work day that the rest period
     is not provided."

6

7    112.   Defendants had a policy of not providing Plaintiffs and the California

8    Class Members with lawful rest periods.  Defendants did not provide Plaintiffs and

9    the California Class Members with a written rest period policy or otherwise inform

10   them of their entitlement to a rest period every four hours or major fraction thereof.

11   113.   Plaintiffs and the California Class Members regularly worked ten (10)

12   hour days but were denied a rest period every four hours or major fraction thereof.

13   114.   Defendants failed to authorize and permit Plaintiffs and the California

14   Class Members to take adequate rest periods as required by law.  Plaintiffs and the

15   California Class Members are therefore entitled to payment of additional wages as

16   provided by law.

17   **FIFTH CAUSE OF ACTION**

18   **FAILURE TO PAY ALL WAGES DUE AT TERMINATION**

19   **(In Violation of Cal. Lab. Code §§ 201, 202, 203)**

20   (On Behalf of Plaintiffs and the California Class Members)

21   115.   Plaintiffs hereby re-allege and incorporate by reference the preceding

22   paragraphs as though they were fully set forth herein.

23   116.   Labor Code § 201 provides that an employer is required to provide an

24   employee who is terminated all accrued wages and compensation at the time of

25   termination.

26   117.   Labor Code § 202 provides than an employer is required to provide an

27   employee who resigns all unpaid wages within 72 hours of their resignation, or upon

28   resignation if the employee has provided at least 72 hours' notice.

118.   Under Labor Code § 203, if an employer willfully fails to pay such wages, for every day that final wages or any part of the final wages remain unpaid, the employer is liable for a penalty equivalent to the employees daily wage, for a maximum of thirty (30) days.

119.   Plaintiffs and the California Class Members were employed by Defendants during the Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all wages due upon termination or within 72 hours of resignation.  Defendants willfully failed and refused to pay these persons either at the time of termination or within 72 hours of their resignation as required under California state law.

120.   As a direct and proximate result of Defendants' willful conduct in failing to pay Plaintiffs and the California Class Members for all hours worked, Plaintiffs and the California Class Members are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to Labor Code § 203, in an amount to be determined at trial, together with interest thereon, and attorneys' fees and costs.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATIONS OF THE UNFAIR COMPETITION LAW**

**(Cal. Bus. & Prof. Code §§ 17200,** *et seq.***)**

(On Behalf of Plaintiffs and the California Class Members)

121.   Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

122.   Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL") prohibits "unfair competition" in the form of any unlawful, unfair, or fraudulent business act or practice.

123.   Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this action, Defendants have engaged in unfair competition as defined by the UCL by, and as further described above:

a.   failing to pay overtime compensation to Plaintiffs and the California Class Members in violation of Labor Code §§ 510, 1198 and Section 3 of IWC Wage Order No. 4;

b.   failing to provide Plaintiffs and the California Class Members with meal and rest periods or pay them proper compensation in violation of Labor Code §§ 226.7 and 512(a);

c.   failing to maintain a system for paying meal and rest period premium wages to Plaintiffs and the California Class Members;

d.   failing to pay Plaintiffs and the California Class Members all due and unpaid overtime wages upon termination in violation of Labor Code § 203;

e.   misclassifying Plaintiffs and the FLSA Collective Action Members as exempt from overtime under the FLSA;

f.   failing to pay overtime compensation to Plaintiffs and the FLSA Collective Action Members in violation of the FLSA; and

g.   failing to provide complete and accurate itemized wage statements to Plaintiffs and the California Class Members in violation of Labor Code § 226.

124.   Defendants' knowing failure to adopt policies in accordance with and/or to adhere to these laws all of which are binding upon and burdensome to their competitors, engenders an unfair and competitive advantage to Defendants, thereby constituting an unfair business practice under Cal. Bus. & Prof. Code §§ 17200-17208.

125.   Plaintiffs and the California Class Members have suffered injury in fact and have lost money as a direct and proximate result of Defendants' unfair competition including, but not limited to, money due to them as overtime compensation, which money has been acquired by Defendants by means of its unfair competition within the meaning of the UCL.

126.   Pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq., Plaintiffs and the California Class Members are entitled to (a) restitution of all wages and compensation alleged herein that Defendants withheld and retained during the period commencing four years prior to the filing of this action, (b) a permanent injunction prohibiting further violations of the type alleged herein for the period commencing four years prior to the filing of this action, (c) an award of reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5 and other applicable law, and (d) costs.  All remedies are cumulative pursuant to Cal. Bus & Prof. Code § 17205**.**

## SEVENTH CAUSE OF ACTION

### CALIFORNIA WAGE STATEMENT VIOLATIONS

### (In Violation of Cal. Lab. Code §§ 226, 226.3)

(On Behalf of Plaintiffs and the California Class Members)

127.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

128.   At all times relevant hereto, pursuant to Labor Code § 226(a) Defendants have been required, semi-monthly or at the time of each payment of wages, to furnish Plaintiffs and the California Class Members accurate itemized written statements containing all the information described in that statute including, but not limited to, the total hours worked by the employee.

129.   Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) by, among other things, knowingly and intentionally failing to furnish Plaintiffs and the California Class Members with accurate itemized written statements showing their total hours worked.

130.   Defendants also failed to accurately record meal periods as described above, to pay meal period premium wages for missed meal periods, and to report those meal period premium payments on the wage statements of Plaintiffs and the California Class Members.

131.   Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.

132.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and the California Class Members have been injured by, among other things, not receiving the information required by Labor Code § 226(a), not being paid for their overtime hours, not having records showing their total hours worked, not being able to ascertain from their wage statements whether or how they have been lawfully compensated for all hours worked, being required to file or participate in this action in order to recover their wages and determine the amount of hours worked and wages due, and having no way to record all their time worked, with the substantial risk that even through this action they will not be able to recover all the compensation they should have been paid for all time worked.

133.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and the California Class Members may recover the damages and penalties provided for under Labor Code § 226(e), plus interest thereon, reasonable attorneys' fees, and costs.   In addition, Plaintiffs and the California Class Members are entitled to injunctive relief to ensure compliance with this section, pursuant to Labor Code § 226(h).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all FLSA Collective Action Members, pray for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Action Members as to the FLSA claims and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to potential FLSA Collective Action Members,

apprising them of the pendency of this action, and providing them with notice of their right to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiffs as Representatives of the FLSA Collective Action Members;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.     Pre-judgment and post-judgment interest, as provided by law;

H.     Such other relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiffs, on behalf of themselves and the above-described Rule 23 Class of similarly situated California Class Members, request relief as follows:

A.     Certification of the above-described Rule 23 Class as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Appointment of Plaintiffs as Class Representatives;

C.     Appointment of Plaintiffs' Counsel as Class Counsel;

D.     Provision of class notice to all California Class Members;

E.     A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law, among others:

       1)     Labor Code §§ 510, 1194, et seq., 1198, and IWC Wage Order No. 4, by failure to pay overtime compensation to the California Class Members;

       2)     Labor Code § 203, by willful failure to pay all wages owed at the time of termination of employment;

3)     Cal. Bus. & Prof. Code §§ 17200, et seq., by failure to pay overtime compensation due to the California Class Members; by willfully failing to pay all compensation owed to the California Class Members upon termination of employment; by willfully failing to provide legally compliant wage statements; and by failing to provide the California Class Members with lawful meal and rest periods or proper compensation; and

4)     Labor Code § 226(a), by failure to provide itemized written statements semi-monthly or at the time of payment of wages accurately showing all the information required by California state law including, but not limited to, total hours worked;

F.     A declaratory judgment that Defendants' violations as described herein were willful and/or knowing and intentional;

G.     An equitable accounting to identify, locate, and restore to all current and former California Class Members the overtime wages due;

H.     An award to Plaintiffs and the California Class Members of damages in the amount of unpaid overtime compensation, including interest thereon pursuant to Labor Code §§ 218.6 and 1194, Cal. Civ. Code §§ 3287, 3288, and 3289 and/or other applicable law, subject to proof at trial;

I.     An award of penalties owed, pursuant to Labor Code § 203, to all California Class Members who separated from Defendants' employ without receiving all overtime compensation owed at the time of separation;

J.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and the California Class Members for Defendants' failure to pay legally required overtime pay (under state and federal law), and interest thereon, in an amount according to proof, pursuant to Cal. Bus. & Prof. Code § 17203 and other applicable law:

1    K.    An award to Plaintiffs and the California Class Members of damages

2    and/or penalties as set forth in Labor Code § 226(e);

3    L.    An award to Plaintiffs and the California Class Members of premium

4    wages for meal and rest periods, according to proof;

5    M.    An award to Plaintiffs and the California Class Members of reasonable

6    attorneys' fees and costs, pursuant to Cal. Code of Civ.  Proc. § 1021.5, Labor Code

7    §§ 218.5, 226(e), 1194, and/or other applicable law;

8    N.    For civil penalties individually and on behalf of all aggrieved

9    employees pursuant to Labor Code § 558 in the amount of $50 per employee for

10   Defendants' initial violation and $100 per employee for each subsequent violation;

11   O.    For civil penalties individually and on behalf of all aggrieved

12   employees pursuant to Labor Code § 226.3 in the amount of $250 per employee for

13   Defendants' initial violation and $1,000 per employee for each subsequent violation;

14   P.    That Plaintiffs and the California Class Members be awarded interest

15   accrued on their damages, including pre- and post-judgment interest, interest under

16   Labor Code §§ 404, 1194, 1194.2 and Cal. Civ. Code § 3287;

17   Q.    An award to Plaintiffs and the California Class Members of such other

18   and further relief as this Court deems just and proper.

19   / / /

20   [Remainder of page intentionally left blank.]

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and on behalf of the Class and Collective Action Members, and in accordance with Federal Rules of Civil Procedure, Rule 38(b), hereby demand trial of their claims by jury to the extent authorized by law.

DATED: October 13, 2017      PEREZ VAUGHN & FEASBY


By:  /s/ John D. Vaughn
               John D. Vaughn
               Attorneys for
               Windermere Real Estate Services Company

EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by MEC Development, LLC and/or its parents, subsidiaries, affiliates, owners within the past three (3) years and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et seq*. and any applicable state wage and hour laws. I hereby authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself. Further, I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

Date: 10/12/2017

Antonio Jefferson T.
**Name of Party Plaintiff [print legibly]**

**Signature**

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by MEC Development, LLC and/or its parents, subsidiaries, affiliates, owners within the past three (3) years and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et seq.* and any applicable state wage and hour laws. I hereby authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself. Further, I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

Date: _____ 10/2/2017 _____        _____ Wayne I Lewis II _____
                                        Name of Party Plaintiff [print legibly]


_____
Signature

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to the Court that I have been employed by MEC
Development, LLC and/or its parents, subsidiaries, affiliates, owners within the past three (3)
years and that I have not been paid all wages owed to me pursuant to 29 U.S.C. § 201, *et seq.* and
any applicable state wage and hour laws. I hereby authorize through this Consent the filing and
prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons
similarly situated to myself. Further, I authorize being named as the representative plaintiff in
this action to make decisions on behalf of all other plaintiffs concerning the litigation, the
method and manner of conducting this litigation, the entering of an agreement with plaintiffs'
counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

Date: 3 Oct 2017

Gregory Brown
Name of Party Plaintiff [print legibly]

Signature