|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **EASTERN DISTRICT OF CALIFORNIA** | |

| | |
|---|---|
| **ANTONIO JEFFERSON** *et al.*, | CASE NO. 1:17-cv-01394 |
| Plaintiffs, | |
| v. | ORDER APPROVING SETTLEMENT AGREEMENT |
| **MEC DEVELOPMENT, LLC,** | (Doc. Nos. 29, 29-3) |
| Defendant. | |

This lawsuit is about an employer that allegedly violated federal and California wage and hours laws by, amongst other acts and omissions, failing to pay overtime and failing to provide meal and rest breaks. The employer is Defendant MEC Development, LLC ("Defendant" or "MEC"), and the plaintiffs are three former employees of MEC: namely, Antonio Jefferson, Wayne Lewis, and Gregory Brown.

Before the Court is the parties' second joint motion for approval of a settlement agreement of Plaintiffs' several claims, including a FLSA overtime claim. See Doc. No. 29-1. The Court will approve the settlement agreement.

## I. Background

MEC is a North Dakota limited-liability company that provided services pertaining to unmanned aerial systems (e.g., drones) and surveillance and video/imagery solutions. Some of MEC's business operations were conducted in China Lake, California and Inyokern, California. At these locations, MEC employed "logisticians" who performed logistics support.

Plaintiffs are three former employees of MEC who worked as logisticians at MEC's China Lake and Inyokern locations. Plaintiffs were employed by MEC during the following time periods: Jefferson from May 26, 2014, through September 8, 2015; Lewis from February 10, 2014, through September 8, 2015; and Brown from May 12, 2014, through September 8, 2015.

After leaving their employment at MEC, Plaintiffs filed suit against MEC in October 2017. See Doc. No. 1. Plaintiffs alleged that MEC violated multiple federal and California wage and

hour laws affecting Plaintiffs and a class of other similarly situated logisticians. On that basis, Plaintiffs pleaded seven claims for relief against MEC.

Plaintiffs' first claim is (1) failure to pay overtime compensation as required by the federal Fair Labor Standards Act ("FLSA").[1] Plaintiffs' six other claims against MEC are based on California law: namely, (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to authorize and permit rest breaks; (5) failure to pay all wages due at termination; (6) engaging in unfair competition; and (7) failure to comply with California's wage statement laws, such as by failing to furnish Plaintiffs with accurate itemized written statements showing their total hours worked. See id.

Plaintiffs pleaded their FLSA claim on behalf of themselves and a class of similarly situated logisticians pursuant to § 216(b) of the FLSA, which allows a plaintiff to bring an FLSA claim "in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Similarly, Plaintiffs pleaded their California claims pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of similarly situated logisticians.

After engaging in discovery and settlement negotiations, Plaintiffs and Defendant filed their first joint motion for approval of a settlement agreement. See Doc. No. 25-1. The Court denied that motion because the proposed settlement agreement and the parties' briefing failed to demonstrate that the proposed settlement agreement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See Doc. No. 28 (Court's order denying first motion for approval of settlement agreement). In the Court's order denying the motion, the Court identified the relevant legal standard that the parties must meet in order to obtain the Court's approval of a FLSA settlement, and the Court identified several deficiencies with the parties' first proposed settlement agreement and supportive briefing. See id.

The parties then filed their second joint motion for approval of a settlement agreement, which is now before the Court. To date, Plaintiffs have not moved for class certification for any of their claims, and Plaintiffs indicate that they have abandoned their pursuit of class certification.

---

[1] The FLSA is codified at 29 U.S.C. § 201, *et seq*.

2

## II. Parties' Second Joint Settlement Motion

In their second joint motion for approval of a settlement agreement, the parties assert that they have reached a settlement agreement that, if approved by the Court, will resolve all of Plaintiffs' claims. The parties state that the settlement agreement should be approved by the Court because the settlement agreement is fair and reasonable.

In the settlement agreement, Defendant agrees to make the following four settlement payments to Plaintiffs, respectively: (1) $22,000 to Jefferson, $6,763.70 of which is for his California overtime claim and $15,236.30 of which is for his California rest and meal break claim; (2) $24,000 to Lewis, $7,749.66 of which is for his California overtime claim and $16,250.34 of which is for his California rest and meal break claim; (3) $21,000 to Brown, $5,164.83 of which is for his California overtime claim and $15,835.17 of which is for his California rest and meal break claim; and (4) $61,344.45 to all Plaintiffs — to be paid directly to Plaintiffs' attorneys — representing the full and final settlement of all of Plaintiffs' attorney's fees and costs.

The settlement agreement provides no payments to Plaintiffs for their California claims of failure to pay wages when due and failure to provide compliant wage statements, and this is because, according to the parties, the claims are barred by the statute of limitations. Similarly, the settlement agreement provides no payments to Plaintiffs for their FLSA overtime claim because, according to the parties, the claim is likely barred by the statute of limitations and, additionally, double recovery for both a FLSA overtime claim and a California overtime claim is generally not allowed.

In consideration for the foregoing settlement payments, each Plaintiff agrees to release Defendant "from any and all claims . . . that he had, has, or may have against [Defendant], arising out of or relating to the subject matter of" the claims in this lawsuit. See Doc. No. 29-3 (parties' second proposed settlement agreement).

The parties assert that the settlement agreement applies only to the claims of the three Plaintiffs — not to any putative class members — because Plaintiffs have abandoned their pursuit of class certification.

3

## III. Discussion

**A.     Legal standard for settlement of FLSA claim**

The FLSA was enacted to protect workers from substandard wages and oppressive working hours. See Barrentine v. Arkansas–Best Freight System, 450 U.S. 728, 739 (1981). Under the FLSA, an employee's right to a minimum wage and to overtime pay is nonwaivable. Id. at 740. Therefore, FLSA rights cannot be abridged or waived by contract — including a settlement agreement — because this would "nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Id. (internal quotations omitted).

For these reasons, an FLSA claim may not be settled without approval of either the Secretary of Labor or a district court. See Seminiano v. Xyris Enter., Inc., 602 F. App'x 682, 683 (9th Cir. 2015) (citing Nall v. Mal–Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013)). The Ninth Circuit has not established a standard for district courts to follow when evaluating a settlement of an FLSA claim, but federal district courts in California frequently apply the standard established by the Eleventh Circuit in Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). See, e.g., Guinn v. Sugar Transp. of Nw., Inc., No. 16-CV-325, 2018 WL 3435410, at *2 (E.D. Cal. July 13, 2018); Thompson v. Costco Wholesale Corp., No. 14-CV-2778, 2017 WL 697895, at *6 (S.D. Cal. Feb. 22, 2017).

Pursuant to the Eleventh Circuit's standard in Lynn's Food Stores, Inc., the plaintiff may settle and release his or her FLSA claim against the employer or putative employer if the settlement constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355. To determine whether the settlement reflects a fair and reasonable resolution of a bona fide dispute, the district court should consider and balance several factors: (1) the plaintiff's range of possible recovery on the FLSA claim and the amount offered in settlement; (2) the strength of the FLSA claim; (3) the risk, expense, complexity, and likely duration of further litigation; (4) the extent of discovery completed and the stage of the proceedings; (5) the experience and views of counsel; (6) the presence of a governmental participant; (7) the reaction of the plaintiff and, if applicable, class members to the proposed settlement; (8) the possibility of fraud or collusion; and (9) the scope of the plaintiff's

4

release. See Kerzich v. Cty. of Tuolumne, 335 F. Supp. 3d 1179 (E.D. Cal. 2018); Seguin v. Cty. of Tulare, No. 16-CV-1262, 2018 WL 1919823, at *3 (E.D. Cal. Apr. 24, 2018); Slezak v. City of Palo Alto, No. 16-CV-3224, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017); see also Lewis v. Vision Value, LLC, No. 11-CV-1055, 2012 WL 2930867, at *2 (E.D. Cal. July 18, 2012) (recognizing that the factors used to analyze FLSA settlements are similar to the factors used to determine the fairness of class action settlements under Fed. R. Civ. P. 23). If the settlement reflects a fair and reasonable compromise over issues that are actually in dispute, then the district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, 679 F.2d at 1354.

**B.     Analysis of the proposed settlement agreement**

The Court concludes that the parties' second proposed settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The following explains why.

### 1.     The proposed settlement amount and range of recovery

"A district court evaluates the plaintiff's range of potential recovery to ensure that the settlement amount agreed to bears some reasonable relationship to the true settlement value of the claims. . . . [I]n comparing the amount proposed in the settlement with the amount that plaintiffs could have obtained at trial, the court must be satisfied that the amount left on the settlement table is fair and reasonable under the circumstances presented." Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1174 (S.D. Cal. 2016). This evaluation and comparison must be made in light of the strength of the plaintiff's FLSA claim. Lynn's Food Stores, 679 F.2d at 1354.

Here the proposed settlement amounts are $22,000 to Jefferson, $24,000 to Lewis, and $21,000 to Brown. The maximum possible recovery if Plaintiffs prevailed on all of their claims (excluding the California timely payment claim and wage statement claim, which the parties agree are barred by the statute of limitations) is $42,130.99 for Jefferson, $53,209.45 for Lewis, and $43,090.88 for Brown. When the proposed settlement amounts are balanced against the maximum possible recovery and the strength of the Plaintiffs' claims — which is a factor that is discussed infra — the proposed settlement amounts are fair and reasonable. Therefore, this factor weighs in favor of the proposed settlement agreement.

### 2. Strength of FLSA claim

The parties explain with evidence that Plaintiffs' FLSA overtime claim is very weak for two reasons. First, the claim is barred by the two-year statute of limitations that applies when there is no "willful" violation. Second, since there is no significant evidence of a willful violation by Defendant, the FLSA claim likely does not qualify for the three-year statute of limitations that applies when there is a "willful" violation. See Flores v. City of San Gabriel, 824 F.3d 890, 895 (9th Cir. 2016) ("The [FLSA] has a two-year statute of limitations for claims unless the employer's violation was 'willful,' in which case the statute of limitations is extended to three years.") (citing 29 U.S.C. § 255(a)).

The Court agrees that the FLSA claim is very weak in light of the evidence presented by the parties. Therefore, this factor weighs in favor of the proposed settlement agreement.

### 3. Risk, expense, complexity, and likely duration of further litigation

"Courts favor settlement where there is a significant risk that litigation might result in a lesser recovery for the class or no recovery at all." Beidleman v. City of Modesto, 2018 WL 1305713, at *4 (E.D. Cal. Mar. 13, 2018) (citations omitted). Here Plaintiffs would face a significant risk by proceeding to trial. This is because, as already noted, the FLSA claim is very weak and, additionally, there is substantial evidence that Defendant did not violate California's rest and meal break laws, at least not to an extent that would provide Plaintiffs with greater compensation than what Plaintiffs are being provided by the proposed settlement agreement. Therefore, this factor weighs in favor of the proposed settlement agreement.

### 4. Extent of discovery completed and the stage of the proceedings

"The Court should lean in favor of a settlement where evidence is presented that a considerable amount of discovery has been conducted because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case." Millan v. Cascade Water Servs., Inc., 310 F.R.D. 593, 610 (E.D. Cal. 2015). Here the parties have conducted significant discovery, and it is largely because of this discovery that the parties (and the Court) are now in a position to meaningfully consider the strength of Plaintiffs'

claims and the risks of proceeding to trial. Therefore, this factor weighs in favor of the proposed settlement agreement.

### 5. Experience and views of counsel

Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. Id. at 612. Here lead counsel for Plaintiffs and Defendant, both of whom appear to be sufficiently experienced with wage and hour litigation, believe that the proposed settlement agreement is a fair and reasonable resolution of Plaintiffs' claims. Therefore, this factor weighs in favor of the proposed settlement agreement.

### 6. Reaction of plaintiffs

Plaintiffs appear to be pleased with the proposed settlement agreement. Therefore, this factor weighs in favor of the proposed settlement agreement.

### 7. The possibility of fraud or collusion

"[I]t is appropriate for the court to consider the procedure by which the parties arrived at their settlement to determine whether the settlement is truly the product of arm's length bargaining, rather than the product of collusion or fraud." Id. at 613. Here there does not appear to be any fraud or collusion underlying the proposed settlement agreement. This is because the parties have been represented by counsel at all relevant times; counsel negotiated the settlement agreement at arm's length after conducting significant discovery; Plaintiffs are pleased with the proposed settlement agreement; and the resolution of the attorney's fees payment to Plaintiffs' counsel, which does not appear to be unreasonable, was resolved only after the negotiation and resolution of the settlement payments to Plaintiffs. Therefore, this factor weighs in favor of the proposed settlement agreement.

### 8. Scope of release

Courts review the scope of any release provision in a FLSA settlement to ensure that the plaintiffs are not pressured into forfeiting claims or waiving rights unrelated to the litigation. Selk, 159 F. Supp. 3d at 1178. "The concern is that an expansive release of claims would effectively allow employers to use employee wages — wages that are guaranteed by statute — as a bargaining chip to extract valuable concessions from employees." Id.; see also Seguin, 2018 WL

1919823, at *4; Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) ("An employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled."). For this reason, a "FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself." Slezak, 2017 WL 2688224, at *4. Courts are hesitant and may reject a proposed settlement agreement that attempts to release claims that are not directly related to the claims and allegations brought in the underlying lawsuit. See, e.g., Gonzalez v. CoreCivic of Tennessee, LLC, 2018 WL 4388425, at *10 (E.D. Cal. Sept. 13, 2018); McKeen-Chaplin, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012).

Here Plaintiffs' releases are not overly broad because they extend only to "the subject matter of" the claims in this lawsuit. Therefore, this factor weighs in favor of the proposed settlement agreement.

9. Balance of factors

The foregoing factors indicate that the parties' proposed settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Accordingly, the Court will approve the proposed settlement agreement.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the parties' motion to approve the second proposed settlement agreement (Doc. No. 29) is GRANTED and the second proposed settlement agreement (Doc. No. 29-3) is APPROVED.

IT IS SO ORDERED.

Dated:   October 15, 2019                           _____
                                                    SENIOR DISTRICT JUDGE